119 So.2d 834

**UNIVERSAL C. I. T. CREDIT CORPORATION**

**v.**

**Edward C. ALKER and Conrad Duvic.**

**No. 44503.**

April 25, 1960.

Curtis, Foster, Dillon & Huppenbauer and Edward C. Alker, New Orleans, for defendant and appellant.

George T. Fisher and Samuel J. Tennant, Jr., New Orleans, for plaintiff-appellee.

SIMON, Justice.

This suit was filed by plaintiff Universal C. I. T. Credit Corporation against defendants Edward C. Alker and Conrad Duvic seeking to recover the sum of $2,289.98, representing the balance of the principal

due on a promissory note bearing their respective signatures. In the district court judgment was rendered against defendants, individually and in solido, for the amount sued for with interest, attorney's fees and costs.

An appeal from this judgment was perfected by the defendant Duvic and is now presently pending before us for adjudication. Defendant Alker, on the other hand, perfected an appeal to the Court of Appeal for the Parish of Orleans. Defendant Duvic intervened and therein filed a motion seeking a dismissal of Alker's appeal for the reason that the Orleans Court of Appeal was without appellate jurisdiction. The amount in dispute being in excess of $2,000 [1], the Court of Appeal, on December 1, 1958, rendered judgment ordering the transfer of Alker's appeal to this Court, with the proviso that the record be filed within sixty days from the date its judgment and order became final, otherwise the appeal would stand as dismissed.

Upon Alker's failure to apply for a rehearing in the Court of Appeal within the delays provided by law [2], its judgment and order of transfer became final and effective on December 16, 1958, from which time Alker had, under penalty of dismissal, sixty days to file the transcript of record in this Court. The record shows that appellant Alker failed to file the transcript on or before the last return day, namely February 17, 1959, filing same on February 23, 1959.

Codefendant Duvic and appellant here has filed a motion to dismiss the appeal of his codefendant Alker, contending that this Court should take cognizance, ex proprio motu, of its want of jurisdiction of this appeal.

In answering the motion to dismiss, defendant Alker does not deny his failure to have filed the record timely, but advances the contention that defendant Duvic "has no right to move to dismiss said appeal because he is not a party to this appeal and the appellee has a right to insist that said appeal not be dismissed."

Appellant's failure to comply with the order of the Court of Appeal automatically resulted in a dismissal of the appeal, a fact and circumstance which, under our well-settled jurisprudence, we shall take judicial knowledge of.

---

1. Article 7, Section 10, LSA–Const.: the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * *."

2. LSA–R.S. 13:4446: "Applications for a rehearing in all of the courts of appeal, whether in term time, during the session, or otherwise, must be filed:
    *     *     *     *     *
    "On or before the fourteenth calendar day after the rendition of judgment by any of the court of appeal in all * * * cases. * * *."

The transferring of this appeal to us within the prescribed period of time not having been affirmatively exercised by appellant, thus effectuating the prescribed penalty of dismissal, there only remains to us the duty of striking it from the docket of this Court, and accordingly it is so ordered.